Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001121
15-MAY-2017
11:44 AM

NO. CAAP-14-0001121

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WELLS FARGO BANK N.A., AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF CARRINGTON MORTGAGE LOAN TRUST,
SERIES 2007-FRE1 ASSET-BACKED PASS-THROUGH CERTIFICATES,
Plaintiff-Appellee,
v.
ROGER LEE LACUESTA and CELESTE KUUIPO LACUESTA,
Defendants-Appellants,
and
STATE OF HAWAI'I DEPARTMENT OF TAXATION and
HAWAIIAN TEL FEDERAL CREDIT UNION, Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and
DOE GOVERNMENTAL UNITS 1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-1005)


SUMMARY DISPOSITION ORDER
(By: Reifurth, Presiding Judge, Ginoza and Chan, JJ.)

Defendants-Appellants Roger Lee Lacuesta and Celeste
Kuuipo Lacuesta (**the Lacuestas**), appeal from the "Order Denying
[the Lacuestas'] Rule 60(b) Motion for Relief From Order Granting
Plaintiff's Motion for Summary Judgment" (**Order Denying Rule
60(b) Motion**), filed on September 18, 2014, in the Circuit Court
of the First Circuit (**circuit court**).[1]

---

[1] The Honorable Bert I. Ayabe presided.

On appeal, the Lacuestas contend the circuit court erred in denying their motion under Hawai'i Rules of Civil Procedure (**HRCP**) Rule 60(b)[2] because: (1) relief under HRCP Rule 60(b)(6) was appropriate given the inexcusable neglect of the Lacuestas' prior attorney; (2) Plaintiff-Appellee Wells Fargo Bank N.A., As Trustee for the Certificateholders of Carrington Mortgage Loan Trust, Series 2007-FRE1 Asset-Backed Pass-Through Certificates (**Wells Fargo**) lacked standing, rendering the circuit court's foreclosure judgment in favor of Wells Fargo void under HRCP Rule 60(b)(4); and (3) the negligent representation of the Lacuestas' prior attorney amounted to a violation of the Lacuestas' Due Process rights.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve the Lacuestas' points of error as follows and affirm.

On March 19, 2014, the circuit court entered summary judgment and a decree of foreclosure in favor of Wells Fargo, and on the same day entered an HRCP Rule 54(b) Judgment on the decree of foreclosure. The Lacuestas did not appeal from the Judgment.

On June 20, 2014, after the time to appeal had run, the Lacuestas filed an HRCP Rule 60(b) motion requesting relief from the summary judgment ruling and Judgment. The Lacuestas argued that the Judgment should be vacated pursuant to HRCP Rule 60(b)(3) or (4) because the assignment of the Mortgage to Trust 2007 FRE1 occurred six months after the trust was terminated and thus the assignment was void. Thus, the Lacuestas argued that because the trust was not the mortgagee, it did not have standing to foreclose on the property.

---

[2] HRCP Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; . . . (6) any other reason justifying relief from the operation of the judgment.

The Lacuestas further argued that the Judgment should be vacated under HRCP Rule 60(b)(6) because the summary judgment order in favor of Wells Fargo resulted from their prior attorney's inexcusable neglect of presenting frivolous and absurd arguments, knowing that they would fail. The Lacuestas' prior attorney had filed an opposition against Wells Fargo's summary judgment motion on the basis that the circuit court did not have subject matter jurisdiction because, *inter alia*, the Hawaiian Kingdom continues to exist; the circuit court was not established under the laws and procedures of the Hawaiian Kingdom; and by virtue of the circuit court maintaining proceedings without jurisdiction, the court was committing a violation of international law.[3]

On September 18, 2014, the circuit court filed the Order Denying Rule 60(b) Motion. The Lacuestas timely appealed from the circuit court's order.

### HRCP Rule 60(b)(6)

The Lacuestas contend the circuit court erred in not granting them relief pursuant to HRCP Rule 60(b)(6) because summary judgment was entered against them due to the inexcusable neglect of their prior attorney.

We first note that the Lacuestas did not request transcripts of the hearing on their HRCP Rule 60(b) motion, and the transcripts are not in the record. Thus, we are unable to consider the arguments to the circuit court or the circuit court's reasoning at the hearing on the HRCP Rule 60(b) motion. "The burden is upon appellant in an appeal to show error by reference to matters in the record, and he [or she] has the responsibility of providing an adequate transcript." Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) (citation omitted).

---

[3] Previously, the Lacuestas had filed, *pro se*, a motion to dismiss the case arguing that the circuit court lacked subject matter jurisdiction because the Hawaiian Kingdom continues to exist. The Lacuestas assert they filed the motion on the instruction of their prior attorney.

3

Given the record before us, we conclude the circuit court did not err in denying relief under HRCP Rule 60(b)(6). A motion under HRCP Rule 60(b)(6) "must be based upon some reason other than those stated in clauses (1)-(5)" of HRCP Rule 60(b). Haw. Hous. Auth. v. Uyehara, 77 Hawai'i 144, 148, 883 P.2d 65, 69 (1994) (citation omitted). Further, HRCP Rule 60(b)(6) "provides for extraordinary relief and is only invoked upon a showing of exceptional circumstances." Id. (citation omitted). Notably, "[a] party seeking relief under HRCP Rule 60(b)(6) after the time of appeal has run must establish the existence of 'extraordinary circumstances' that prevented or rendered him unable to prosecute an appeal." Id. at 148-49, 883 P.2d at 69-70 (citation omitted).

This court has stated:

> Under a system where an attorney's neglect is imputed to the client, a claim of gross negligence on the part of counsel is in essence a claim of inexcusable neglect and thus fundamentally distinct from a claim of excusable neglect within the meaning of Rule 60(b)(1). "[W]hen an attorney's neglect is gross and inexcusable courts have held that relief may be justified under Rule 60(b)(6)."

U.S. Bank Nat'l Ass'n. v. Salvacion, No. 30594, 2011 WL 1574585, at *7 (Haw. App. Apr. 26, 2011)(mem. op.) (citations omitted); see also City & Cty. of Honolulu v. Bennett, 2 Haw. App. 180, 183-84, 627 P.2d 1136, 1139 (1981) (holding that the alleged failure of an attorney to introduce exhibits that the client deemed essential to the case did not constitute extraordinary circumstances warranting relief under HRCP Rule 60(b)(6)).

The Lacuestas point to Boughner v. Secretary of Health, Education and Welfare, 572 F.2d 976 (3rd Cir. 1978) to support their contention that relief from the Judgment pursuant to HRCP Rule 60(b)(6) is appropriate. In Boughner, the U.S. Circuit Court for the Third Circuit found that the attorney in that case failed to respond to fifty-two separate summary judgment motions. Id. at 977. The Third Circuit determined that "[t]his egregious conduct amounted to nothing short of leaving his clients unrepresented." Id. The Third Circuit concluded that because of the attorney's conduct, exceptional circumstances existed and

4

relief was warranted under the Federal Rules of Civil Procedure Rule 60(b)(6). Id. at 978-79.

This case is distinguishable from Boughner. Unlike the attorney in Boughner, the Lacuestas' prior attorney filed an opposition to Wells Fargo's summary judgment motion. The Lacuestas instead seek relief under Rule 60(b)(6) due to the arguments that their attorney made regarding their case, which, however, were similar to the arguments that the Lacuestas submitted pro se in their earlier motion to dismiss.

We further note that the Lacuestas did not file an appeal from the Judgment on the decree of foreclosure entered in favor of Wells Fargo, and they do not set forth any arguments in their HRCP Rule 60(b) motion or in this appeal establishing "'extraordinary circumstances' that prevented or rendered [them] unable to prosecute an appeal." Uyehara, 77 Hawai'i at 149, 883 P.2d at 70 (citation omitted).

The Lacuestas have not established extraordinary circumstances warranting relief under HRCP Rule 60(b)(6) and the circuit court did not err in denying their motion based on this provision.

### HRCP Rule 60(b)(4)

The Lacuestas also contend the circuit court erred when it denied their request for relief under HRCP Rule 60(b)(4) because Wells Fargo lacked standing to foreclose on the Lacuestas' property. The Lacuestas contend that Wells Fargo could not have obtained the subject note and lacked standing to foreclose, which rendered the circuit court's judgment void under HRCP Rule 60(b)(4). We do not agree.

HRCP Rule 60(b)(4) provides relief when a judgment is void. "In the sound interest of finality, the concept of a void judgment must be narrowly restricted." Cvitanovich-Dubie v. Dubie, 125 Hawai'i 128, 141, 254 P.3d 439, 452 (2011) (citations omitted). As multiple Hawai'i cases have recognized, "[i]t has been noted that a judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or

5

the parties or otherwise acted in a manner inconsistent with due process of law." Id. at 139, 254 P.3d at 450 (emphasis added) (quoting In re Hana Ranch Co., 3 Haw. App. 141, 146, 642 P.2d 938, 941 (1982)); see also Dillingham Inv. Corp. v. Kunio Yokoyama Tr., 8 Haw. App. 226, 233-34, 797 P.2d 1316, 1320 (1990) ("[I]f a court has the general power to adjudicate the issues in the class of suits to which the case belongs then its interim orders and final judgments, whether right or wrong, are not subject to collateral attack, so far as jurisdiction over the subject matter is concerned.") (citation omitted).

The Lacuestas do not challenge personal jurisdiction in this case, and an argument that a party lacks standing is not equivalent to challenging a court's subject matter jurisdiction. See Nationstar Mortg. LLC v. Akepa Props. LLC, Nos. CAAP-15-0000407, CAAP-15-0000727, 2017 WL 1401468, at *3 (Haw. App. Apr. 19, 2017). Here, the circuit court had the "general power to adjudicate" Wells Fargo's foreclosure action. Cvitanovich-Dubie, 125 Hawai'i at 142, 254 P.3d at 453; Bank of Am., N.A. v. Kuchta, 21 N.E.3d 1040, 1045-47 (Ohio 2014) (discussing the differences between lack of standing and subject matter jurisdiction, and holding in a foreclosure case that the defendant was barred by res judicata from asserting an issue of standing in a Rule 60(b) motion).

Thus, the Lacuestas were not entitled to relief from the Judgment under HRCP Rule 60(b)(4).

### Due Process

The Lacuestas contend they were denied their due process rights because of their prior attorney's gross negligence in representing them. They did not assert a due process argument in their HRCP Rule 60(b) motion, and instead raise it for the first time on appeal. The Lacuestas have thus waived this argument. See Cty. of Haw. v. C&J Coupe Family Ltd. P'ship, 119 Hawai'i 352, 373, 198 P.3d 615, 636 (2008) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal[.]"); Kawamata

6

Farms, Inc. v. United Agri Prods., 86 Hawai'i 214, 248-49, 948 P.2d 1055, 1089-90 (1997).

### Conclusion

Based on the above, the "Order Denying [the Lacuestas'] Rule 60(b) Motion for Relief From Order Granting Plaintiff's Motion for Summary Judgment," filed on September 18, 2014, in the Circuit Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawai'i, May 15, 2017.

On the briefs:

Robert Stone,
for Defendants-Appellants.

Bernard R. Suter,
(Keesal, Young & Logan)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

7